# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA**
        **Plaintiff,**

    **v.**                                    **Case No. 05-CR-262**

**MARTIN SANCHEZ-MARTINEZ**
        **Defendant.**

---

## SENTENCING MEMORANDUM

Defendant Martin Sanchez-Martinez pleaded guilty to unlawful re-entry after deportation. 8 U.S.C. § 1326. The probation office prepared a pre-sentence report ("PSR"), which calculated his offense level as 13 (base level 8, U.S.S.G. § 2L1.2(a), plus 8 because his deportation was subsequent to his conviction of an "aggravated felony," § 2L1.2(b)(1)(C), and minus 3 for acceptance of responsibility, § 3E1.1) and his criminal history category as VI, producing an imprisonment range of 33-41 months under the sentencing guidelines. Neither party objected to the PSR or requested a departure from the guidelines, but defendant argued for a sentence of 21 months, while the government advocated a term at the low end of the advisory range. I decided to impose a 27-month term and in this memorandum set forth my reasons.

## I. SENTENCING FACTORS

In imposing sentence, I consider the factors set forth in 18 U.S.C. § 3553(a), which include:

    (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)     the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)     the kinds of sentences available;

(4)     the advisory guideline range;

(5)     any pertinent policy statements issued by the Sentencing Commission;

(6)     the need to avoid unwarranted sentence disparities; and

(7)     the need to provide restitution to any victims of the offense.

My ultimate task is, after considering all of the above circumstances, to impose a sentence sufficient but not greater than necessary to comply with the purposes of sentencing set forth in § 3553(a)(2).

## II.  DISCUSSION

### A.     Nature of Offense

Defendant, a citizen of Mexico, was convicted of the burglary of a restaurant in a Wisconsin state court in 1998 and placed on probation.  His probation was later revoked, and he was sent to prison.  Following his release on May 15, 2001, he was removed from the United States.  About a week later, he re-entered the country by crossing the border without inspection.  It was not clear precisely what he did upon re-entry, but he eventually made his way to Milwaukee, where his girlfriend and their two children lived.  He came to

2

the attention of immigration authorities when he was stopped by a police officer, provided a false name, and was taken into custody for obstructing.

## B.    Character of Defendant

Defendant was born in Mexico in 1970 and came to this country in 1978 to live with his father, who became a United States citizen.  However, defendant never acquired legal status and apparently traveled back and forth between the two countries.  He completed six grades of schooling in Mexico, but did not further his education in this country, and had a limited grasp of English.  Defendant's father, a retired police officer, lived in Georgia, while his mother and four of his six siblings remained in Mexico.  Two other siblings lived in California and Florida.  However, defendant did not appear to be close to his natural family and had no contact with them in years.  He was married and divorced in Mexico at some undefined point in the past, and his ex-wife and two children from that marriage lived in Mexico, but defendant also did not have contact with them and did not even know the name of one of his children.  Defendant was in a relationship with a woman in Milwaukee from 1998 to 2005, but that relationship, which produced two children,[1] also apparently soured.  Defendant had no verifiable employment history in the United States but stated that he worked for cash at restaurants and for temporary services.   There was no indication that he supported himself illegally.

Defendant had a fairly lengthy record.  However, it was rather old and largely related to a drinking problem.  He received several convictions for drunk driving prior to 1998, when, to his credit, he stopped drinking.  His only serious felony was the 1998 burglary

_____

[1]According to county records, defendant might not be the father of these children.

3

conviction, but that involved a commercial building rather than a dwelling, only a few small items were taken, and the judge initially placed him on probation. He was convicted of car theft in 1997, but that involved a vehicle he borrowed from a friend and neglected to return on time. He had only two contacts since his 2001 re-entry, a loitering ticket and the obstructing offense for giving a false name, neither particularly serious. At the time of his arrest, defendant was living in a transitional living program called Alcolicos Anominos Grupo Renacimento, where he provided support to others with alcohol problems.

**C.    Purposes of Sentencing**

Defendant was not dangerous or particularly likely to re-offend. However, there was a need for confinement to promote respect for immigration law and deter defendant and others from re-entering. Defendant did not appear to have particular correctional treatment needs, and he would be deported upon completion of his sentence.

**D.    Consideration of Guidelines**

The guidelines recommended a prison term of 33-41 months. I concluded that a sentence within the range was somewhat greater than necessary to satisfy the purposes of sentencing.

First, the range was high due to defendant's criminal history category of VI but, as discussed, the record was not that serious. Most defendants in category VI have multiple serious felony convictions, but defendant had only one. Further, many of his points were attributable to a drinking problem, which he had taken care of, and the record was mostly older. His only post-re-entry criminal history point was for the obstructing offense, which scored only because he received a time-served sentence of 30 days. See 4A1.2(c)(1)

4

(stating that obstructing offenses count only if the sentence was at least one year probation or 30 days jail).

Second, the offense level was also enhanced by 8 under § 2L1.2(b)(1)(C) based on defendant's prior burglary conviction.  See United States v. Galvez-Barrios, 355 F. Supp. 2d 958, 961 (E.D. Wis. 2005) (noting that guidelines in illegal re-entry cases count prior convictions both in the criminal history score and the offense level, often leading to harsh results).  Moreover, non-residential burglaries, such as defendant's, count as "aggravated felonies" eligible for the 8 level enhancement only if the sentence was imprisonment of at least one year.  United States v. Sanchez-Loredo, 274 F. Supp. 2d 873, 878 (S.D. Tex. 2003) (citing 8 U.S.C. § 1101(a)(43)(G)).  In the present case, defendant was initially sentenced to probation; thus, had it not been for his revocation,[2] the offense would have called for an enhancement of 4 levels rather than 8.  Cf. id. at 879 (holding that because the defendant was sentenced to probation on burglary of a structure offense, which was not revoked, the offense did not qualify as an aggravated felony).

Third, the case was not aggravated by new, serious criminality upon re-entry. Rather, it appeared that defendant was working and living at least in the vicinity of his girlfriend and children.  Much of his family lived in the United States, and he had been here for the better part of 30 years.  Therefore, his motive for re-entry was a mitigating factor. See Galvez-Barrios, 355 F. Supp. 2d at 964 (citing United States v. Martinez-Alvarez, 256 F. Supp. 2d 917, 922 (E.D. Wis. 2003) (noting that the defendant's motive in re-entering was an important factor).

---

[2]Defendant was revoked for failing to report to his agent rather than the commission of a few offense.

5

Finally, the guidelines did not account for defendant's voluntary efforts to combat his drinking problem and to assist others with similar problems. For all of these reasons, a sentence below the range was warranted.

## E.    Disparity

Defendant asked for a below-guideline sentence under 18 U.S.C. § 3553(a)(6) to account for the disparity created by this district's lack of a fast-track program. Such programs, initially designed to help busy border districts process more immigration cases, provide for sentence reductions if the defendant agrees to quickly plead guilty. Galvez-Barrios, 355 F. Supp. 2d at 963. However, in United States v. Galicia-Cardenas, No. 05-3093, 2006 U.S. App. LEXIS 7415, at *4 (7th Cir. Mar. 24, 2006), the Seventh Circuit vacated a sentence based on this factor and remanded for re-sentencing "without a credit for Wisconsin's lack of a fast-track program." The court offered no explanation for its decision, other than a citation to a case decided the day before which held that district courts are not required to account for this disparity. United States v. Martinez-Martinez, No. 05-2713, 2006 U.S. App. LEXIS 7193 (7th Cir. Mar. 23, 2006). Galicia-Cardenas was originally unpublished and only later ordered published at the request of the government. Therefore, it has the form of a short Rule 53 Order.

It would be helpful if the court of appeals addressed the issue in greater detail. Fast-track disparity has become a hotly debated issue post-Booker. See, e.g., United States v. Peralta-Espinoza, 383 F. Supp. 2d 1107, 1108 (E.D. Wis. 2005) (collecting cases). While a few circuits have held that a sentence is not unreasonable just because it does not include a fast-track reduction, e.g., United States v. Montes-Pineda, No. 05-4471, 2006 U.S. App. LEXIS 10178, at *11-13 (4th Cir. Apr. 24, 2006); United States

6

v. Sebastian, 436 F.3d 913, 916 (8th Cir. 2006); United States v. Morales-Chaires, 430 F.3d 1124, 1131 (10th Cir. 2005), none have previously held that consideration of this factor is <u>prohibited</u>. Nevertheless, at this point, consideration of fast-track disparity appears to be impermissible in this circuit.

### III. CONCLUSION

Under all of the circumstances, I found a sentence of 27 months sufficient but not greater than necessary under § 3553(a). This sentence was a substantial one for a non-violent, non-drug related crime, promoted respect for law, and was sufficient to deter defendant and others. It also accounted for the overstatement of defendant's criminal history category and offense level, the mitigating circumstances of his re-entry, and his efforts to deal with his and others' alcoholism.

Therefore, I committed defendant to the custody of the Bureau of Prisons for 27 months. Based on his financial situation, I determined that he did not have the ability to pay and so waived the fine. Upon release, I ordered that he serve a two year supervised release term, the conditions of which appear in the judgment.

Dated at Milwaukee, Wisconsin, this 25th day of April, 2006.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge